# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

### ALLEN DALE CUTSHAW v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Greene County**
**No. 01CR074    James E. Beckner, Judge**

**No. E2003-01021-CCA-R3-PC**
**February 18, 2004**

The Petitioner, Allen Dale Cutshaw, appeals the trial court's dismissal of his petition for writ of error coram nobis. The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals. The petition presents no cognizable ground for coram nobis relief. Accordingly, the State's motion is granted and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

GARY R. WADE, P.J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JAMES CURWOOD WITT, JR., JJ., joined.

Allen Dale Cutshaw, pro se.

Paul G. Summers, Attorney General & Reporter; Elizabeth T. Ryan, Senior Counsel; Eric D. Christiansen, Assistant District Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

The petitioner was convicted of second degree murder and sentenced to twenty-five years imprisonment. This court affirmed his conviction and sentence on appeal. State v. Allen Dale Cutshaw, No. 03C01-9711-CC-00521 (Tenn. Crim. App., at Knoxville, Nov. 23, 1999), app. denied (Tenn. 2000). The petitioner sought post-conviction relief based on his claim of ineffective assistance of trial counsel. The trial court denied relief and this court affirmed on appeal. Allen Dale Cutshaw v. State, No. E2002-00438-CCA-R3-PC (Tenn. Crim. App., at Knoxville, Jan. 22, 2003), app. denied (Tenn. 2003). While his application for permission to appeal was pending in the supreme court, the petitioner filed a petition for writ of error coram nobis in the court below. On April 9, 2003, the trial court dismissed the petition. Its order stated in relevant portion:

> The same issues raised in the present petition have been raised at previous hearings and appeals and have been held to be without merit.

This petition is in effect a motion to reconsider those issues. No real grounds for a writ of error coram nobis are raised.

Tennessee Code Annotated Section 40-26-105 provides for the issuance of the writ of error coram nobis as follows:

> The relief obtainable by this proceeding shall be confined to errors dehors the record and to matters that were not or could not have been litigated on the trial of the case, on a motion for a new trial, on appeal in the nature of a writ of error, on writ of error, or in a habeas corpus proceeding. Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial.

"[T]he writ is an exceedingly narrow remedy appropriate only when an issue was not addressed or could not have been addressed at trial because it was somehow hidden or unknown and would have prevented the rendition of the judgment had it been known to the court." Newsome v. State, 995 S.W. 2d 129, 134 (Tenn. Crim. App. 1998); Tenn. Code Ann. §40-26-105; State v. Hart, 911 S.W. 2d 371, 374 (Tenn. Crim. App. 1995).

In the present case, with respect to his post-conviction proceeding, the petitioner claims that he did not receive a "full and fair" hearing because the state did not answer and the trial court did not address each of the asserted grounds for relief. The petitioner further presents several claimed error at trial. He alleges that 1) the state failed to notify him of its intent to seek enhanced punishment; 2) certain enhancement factors were erroneously applied; 3) the indictment was void; 4) the trial court erred in instructing the jury on the definition of "knowingly," and 5) the state fabricated evidence and the chain of custody of certain evidence was broken. None of the petitioner's allegations relate to matters that the petitioner, through no fault of his own, could not have raised at trial, in a motion for new trial or on appeal. As a result, the writ of error coram nobis is not available to the petitioner and the trial court properly denied relief.

Accordingly, the state's motion is granted. The judgment of the court below is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
GARY R. WADE, PRESIDING JUDGE

-2-